| | |
|---|---|
| JANET TAYLOR, ) ) Plaintiff, ) ) vs. ) ) MEIJER STORES LIMITED ) PARTNERSHIP, ) ) Defendant. ) | CAUSE NO. 1:12-cv-1540-JMS-DKL |

**JANET TAYLOR,**

 **Plaintiff,**

 *vs.* **CAUSE NO. 1:12-cv-1540-JMS-DKL**

**MEIJER STORES LIMITED**
**PARTNERSHIP,**

 **Defendant.**

## ORDER

*Plaintiff's Motion to Compel* **[doc. 33]**

Plaintiff moves to compel defendant Meijer Stores Limited Partnership to comply with the following requests for production:

> **Request No. 1**: All depositions, including trial rule 30(b)(6) depositions, of Meijer employees, and all of the exhibits identified in the depositions, taken in the case of *Mary Hoop as Personal Representative of the Estate of Marvin Nicely v. Meijer Stores Limited Partnership*, United States District Court, Southern District of Indiana, Case No. 1:04-CV-0818-VSS-DFH.
>
> **Request No. 2**: Any annual, semi-annual or quarterly report prepared by risk management, loss prevention or any other employee of Meijer in 2008, 2009, 2010, 2011 or 2012 that contains information regarding any of the following matters: a) the number of slips and falls inside any Meijer store; b) the location of slips and falls inside any Meijer store; or c) the cause of slips and falls inside any Meijer store.
>
> **Request no. 3**: The customer accident or injury report for each person who slipped and fell in any Meijer store at any time in 2008, 2009, 2010, 2011, or 2012.

*(Plaintiff's Motion to Compel* [doc. 33] at 1-2.) Meijer opposes the requests on the grounds of relevance, overbroadness, and burdensomeness.

**Request no. 1.** The motion is denied. No particular relevance of the *Hoop* litigation is described and it falls outside the time period of five years prior to Plaintiff's incident that she identified as relevant in Requests nos. 2 and 3. The Court takes judicial notice of the complaint in *Hoop v. Meijer Stores Limited Partnership*, No. 1:04-cv-818-VSS-DFH [doc. 1-1], ¶ 5, which alleges that Ms. Hoop's fall occurred in 2004, eight years before Plaintiff's fall occurred. If Plaintiff is seeking litigation strategies or tactics, and cannot obtain the co-operation of counsel in the *Hoop* case, then she must construct her own.

**Request nos. 2 and 3.** The motion is granted as modified. While Plaintiff is correct that the standard for discovery is not the same as the standard for admissibility at trial, it is not as broad as she contends. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . \* \* \* Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Evidence of prior accidents or incidents is admissible if they are substantially similar to the incident at issue. *Mihailovich v. Laatsch*, 359 F.3d 892, 908 (7th Cir. 2004). Substantially similar incidents are relevant, thus admissible, in part because they can tend to show notice to a defendant of the dangerous condition and/or the defendant's failure to exercise reasonable care to protect against the danger. The aspects or circumstances of other incidents that must be substantially similar must concern the cause of the accident, *i.e.*, the plaintiff's theory of the defendant's negligence. *See Thomas v. Mitsubishi Motors Corp.*, No.

2:12-cv-1215-DB-PMW, 2014 WL 280495, *4 (D. Utah, Jan. 24, 2014).

Plaintiff argues that the operative similar circumstances for the incidents that she requests are (1) slips and falls (2) that occurred inside (3) any Meijer store.  That is too broad.  Her theory of negligence is that Meijer's "corporate policy of maintaining its floors to have a 'seamless shine' and maintained to a 'high gloss finish' made it hard for its employees or customers to see clear liquids on the floor . . . ."  (*Plaintiff's Reply to Defendant's Response to Motion to Compel* [doc. 36] ("*Reply*") at 6.)[1]  Apparently, Plaintiff claims that Meijer's policy directed such a high-gloss finish on the floors in only the produce sections of its stores and she wants to make probative comparisons between slips and falls on Meijer's high-gloss and non-high-gloss floors.  Thus, the circumstances defining similarity of other incidents are (1) slips and falls, (2) in clear liquids, (3) in any Meijer store.

Meijer proposed limiting discovery to the store in which Plaintiff slipped and fell.  However, because Plaintiff asserted, and Meijer did not contradict, that Meijer centrally

---

[1] Another theory of negligence that Plaintiff identified is that Meijer's floor-inspection policies were not protecting its customers from slip hazards, *i.e.*, its methods of inspection were insufficient to detect clear-liquid spills in its produce sections. (*Reply* at 6-7 (items 1 and 3); Plaintiff's representations to the Court during discovery conferences.)  However, Requests 2 and 3 do not seek information about Meijer's inspection policies relating to Plaintiff's accident.  Thus, the Court addresses only Plaintiff's floor-finishing theory of cause and negligence.

Plaintiff also asserted that Meijer's "corporate dictates as to the manner in which its floors are cleaned and finished was not reasonably safe for its customers because it [*sic*] did not require the use of readily available products that can make its floors slip resistant," (*Reply* at 7 (item 4)), which the Court construes as a restatement of the already-mentioned floor-finishing theory.

determines uniform floor-finishing and inspection policies that govern all of its stores, such a limitation is not warranted.

Plaintiff requested discovery for the years 2008 through 2012, approximately five years before her incident. Meijer proposed three years (but for only the store in which Plaintiff fell). The Court concludes that data for two years prior to Plaintiff's incident is reasonably and sufficiently calculated to lead to any admissible evidence that Meijer was on notice of an unmitigated dangerous condition created by its floor-finishing policies regarding clear liquids on the floors in its produce sections. If two years of data do not show such notice, then the likelihood of such notice does not outweigh a burden of production for three more years of data.

Meijer argued that Plaintiff's requests would impose too great a burden of time and expense. But while Meijer is correct that the Court must weigh the potential value of requested discovery to requesters against the burden of production imposed on responders, Meijer provided no evidence or even suggestion of the burden that it actually faces. It offered only non-specific and conclusory assertions:

> . . . Meijer operates approximately 195 stores. Each store sees between thousands and tens of thousands of customer pass through its doors each week, which in turn creates a nearly inconceivable amount of paperwork. In fact, some stores see upwards of thirty thousand to fifty thousand customers per week. Whenever an any [*sic*] type of incident arises at a store, regardless of cause, a report is made. Given the number of reports likely in existence, Meijer would be required to dedicate significant time and expense to comb through its records, narrow said records down to the relevant ones, then locate the actual reports, and finally reproduce said reports. Such an exercise

> could take hundreds of hours, at great expense to the employer, as well as loss of production.

(*Defendant's Response to Plaintiff's Motion to Compel* [doc. 35] at 9-10.) Meijer gives no indication of the actual burden, the actual means, involved in locating and producing responsive records. The Court will not simply assume that Meijer does not categorize or index its incident reports or incident-summary reports by relevant fields, that they are not stored or searchable electronically, that images or scans are not readily producible, or that the actual costs and time to accomplish these tasks is prohibitive. The Court can assume, absent any showing to the contrary, that Meijer has been involved in similar slip-and-fall litigation involving similar discovery requests and has had to respond to some of them. It should, therefore, have been able to make an adequate showing of its burden. In addition, if, as Plaintiff asserts and Meijer does not dispute, Meijer has a policy or practice of not producing similar-incident discovery without a court order, then it should certainly have a sufficient showing already largely prepared to present to courts to resist such discovery requests. The Court is entitled, therefore, to draw the reasonable inference that, if such a supporting showing were possible and credible, then Meijer would have made it. Now was the time to have done so.[2] Therefore, the Court rejects Meijer's conclusory assertions of undue burden.

Therefore, Plaintiff's motion to compel Meijer's responses to Requests nos. 2 and 3

---

[2] The Court reminds Meijer that motion practice in federal court is not an exercise in trial and error. It should not return and attempt to make an adequate showing now.

are granted as modified below:

> **Request no. 2:** Any annual, semi-annual, or quarterly report that was prepared by risk management, loss prevention, or any other employee of Meijer that contains information regarding customers' slips and falls in clear liquids on the floors in any department of any Meijer store, including the cause(s) of any such slips and falls, where such slips and falls occurred in the year 2011 or 2012.
>
> **Request no. 3:** The accident or injury report for each customer who slipped and fell in clear liquid on the floor of any department in any Meijer store in the year 2011 or 2012.

If Meijer wants to redact personal-identifier, irrelevant, or confidential information from responsive records before production, it shall confer with Plaintiff and attempt to reach an agreement before filing a motion for a protective order with the Court.

The parties may promptly confer on the terms of a protective order covering the productions ordered herein and present a motion as soon as possible.

## Conclusion

*Plaintiff's Motion to Compel* [doc. 33] is **GRANTED in part** and **DENIED in part** as set forth above. Defendant shall make the productions ordered herein **no later than thirty days from the date of this Order**. A motion for an extension of time, showing good cause, may be filed.

    **SO ORDERED this date:** 02/20/2014

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.